UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LEROY W. FRAZIER, III,           ) <br>                                      ) <br>         Plaintiff,         ) <br>                                      ) <br>       v.                    ) <br>                                      ) <br> QUEST DIAGNOSTICS,          ) <br>                                    ) <br>         Defendant.      ) | No. 2:24-cv-00391-JPH-MKK |

**ORDER DISMISSING COMPLAINT AND OPPORTUNITY TO SHOW CAUSE**

Plaintiff Leroy Frazier is a prisoner currently incarcerated at Putnamville Correctional Facility. He filed this civil action alleging that Quest Diagnostics was torturing him. Because Mr. Frazier is incarcerated, this Court must screen the complaint before service on the defendant. 28 U.S.C. § 1915A(a), (c).

**I.    Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.     The Complaint

Mr. Frazier names Quest Diagnostics as the sole defendant and seeks $3 million in damages. His complaint is as follows:

> BeamFormer project, Monarch project, MK Ultra, sonnet displacement, cerebrus ordenis modus operandi, continuous transmission frequency modulated synthetic aperture sonar project, submersion transponder. All being misused to torture as well as inductance chemical imbalences deficiantays brain and blood. Bone density issues. Dental issues. Vital organ function issues. Pain and suffering mental angish, damage to my neuro pathways, genetic malffreence, theft of stem cells, cancer.

Dkt. 2 at 2 (errors in original).

## III.     Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed as frivolous.

A complaint may be dismissed as frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An allegation is frivolous when it is "clearly baseless, fanciful, fantastic, delusional, irrational, or wholly incredible." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (cleaned up).

Here, the allegations are not coherent and the Court has been unable to identify a viable claim for relief against any particular defendant. The complaint is therefore subject to dismissal.

### IV.    Other Pending Motions

Mr. Frazier's motion to verify, dkt. [14], motion for court assistance, dkt. [15], and motion for further action, dkt. [16], are **granted** to the extent that the Court confirms it has received his filings and **denied** in all other respects.

Mr. Frazier's motion to appoint counsel, dkt. [11], has been considered. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit

counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

As an initial matter, Mr. Frazier has not contacted any attorneys, and his motion could be denied on that basis. *Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). But proceeding to the second factor, the Court notes that "the merit of a plaintiff's claim is another factor a district court may consider while making an individualized determination whether to recruit counsel based on the plaintiff and the claim in front of it." *Watts*, 42 F.4th at 766. Here, because Mr. Frazier's complaint is due to be dismissed as frivolous, it would not be in the interest of justice to use the Court's limited resources to recruit counsel on his behalf. *Id.* at 764. Accordingly, the motion for counsel, dkt. [11], is **denied**.

### V. Conclusion and Opportunity to Show Cause

Mr. Frazier's motion to verify, dkt. [14], motion for court assistance, dkt. [15], and motion for further action, dkt. [16], are **granted** to the extent that the Court confirms it has received his filings and **denied** in all other respects. Mr. Frazier's motion for counsel, dkt. [11], is **denied**.

Mr. Frazier's complaint must be dismissed as frivolous. He has **through May 8, 2025,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order

4

to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED.**

Date: 4/22/2025

                            James Patrick Hanlon
                            United States District Judge
                            Southern District of Indiana

Distribution:

LEROY W. FRAZIER, III
296914
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only